PHILIP RODMAN *v.* DAVID WOOLMAN and JOHN W. SULLI-
VAN, trading under the name and firm of WOOLMAN. &
SULLIVAN.

Upon a verbal contract between parties that the minor son of one of the
parties shall serve the other for five years and learn a trade with him,
the father to be paid nothing for the first year, until the expiration of
the five year's service. and after a service of three years and eight months,
the son is discharged for disobedience of reasonable orders by his em-
ployer, the father will be entitled to recover reasonable compensation for
such services, as were rendered by him during that time, notwithstanding
the action is not commenced until more than three years after the first
year's service has been performed, and he had been paid the price agreed
upon during the residue of such service actually performed.

THIS was an action of *indebitatus assumpsit* for work
and labor performed by a minor son of the plaintiff in
the service and employment of the defendants. Accord-
ing to the proof he had entered their service on the 23d
day of November, 1858, under a verbal agreement be-
tween the parties to the action, for the term of five years
to work for them in their wheelwright establishment in
the city of Wilmington and learn the art and trade in
which they were engaged. He continued in their em-
ployment and worked very well for them in their black-
smith shop for three years and eight months, when they
discharged him for leaving their service on two occasions,
and for a day each time, against their orders and com-
mands. They were to pay nothing for his services dur-
ing the first year, until the expiration of the term, but
after that they paid $2 25 per week to the plaintiff for
the residue of the time he remained with them. That
during the last two years or more of the time he was
with them, he did full work as a helper in the shop, and
as such, his services during that time were worth from
$5 50 to $6 00 per week. Under the plea of set-off, the
counsel for the defendants put in evidence an account of

$69 00, for clothing furnished him by them from April 1860, to August 1862.

For the defendants it was contended in the trial of the case that it was a special contract between the parties to the action, to continue five years, the obligations of which were that the defendants were to receive the son of the plaintiff into their employment for that period of time and to teach him the art and trade referred to, and the son was to continue in their service and obey all proper orders and directions from them with regard to it, for the same time ; and as they were mutual and dependent obligations or promises, and that of the defendants was entirely dependent upon the due performance of the promise on the part of the plaintiff, if the misconduct and disobedience of his son justified them in discharging him from their service before the expiration of the term, it would be neither just nor lawful to require them to pay the plaintiff for any portion of the time he had been in their employment and had worked for them, and that therefore the plaintiff was not entitled to recover anything in the action. Also, that as by the terms of it, the agreement was not to have been performed within the period prescribed by the statute of frauds, and there was no note, nor memorandum, nor evidence of it in writing, no action would lie upon it ; but if the law of the case should be ruled otherwise, then, as the statute of limitations had been pleaded by the defendants, the plaintiff was not entitled to recover anything for the first year's service, because the action had not been commenced within three years after the service of that year had been rendered.

The Court, *Gilpin, C. J.*, charged the jury : That the action was not, and could not be, on the special contract or agreement of the parties, if any had been proved, because it had not been entirely performed on either side ; but it was an action of *indebitatus assumpsit* simply with the

common counts for work and labor, without any refer-
ence, as it stood upon the record, to any special contract
whatever.   None of the terms, therefore, of such a con-
tract could be taken into consideration in determining
the present case, which was now before them precisely
the same as if the services referred to had been performed
without any special, or express agreement between the
parties in regard to the matter.   And viewed in that
light, as a promise implied by law merely on the part of
the defendants to pay the plaintiff for the three years and
eight month's service rendered them by the son of the
latter, whilst he was yet a minor, whatever such services
may have been proved to have been reasonably worth to
the defendants, they could only consider that reasonable
compensation now demanded for them, as one continuous
claim and as an account open and current between them
for the time being ; and therefore any credit entered, or
any payment made by the defendants on such account,
or for such services, within three years next preceding
the commencement of the action, would have the effect
to take the case out of the operation of the statute of limit-
ations, which had been pleaded by the defendants, and to
remove the bar of it, as against the whole, or any part of
the demand for such services, as was now presented by
the plaintiff; because such a credit entered, or such a
payment made in the meanwhile by the defendants on
such account, would import and imply in law an acknowl-
edgment on their part, that the plaintiff then had a valid
and subsisting claim against them for such services.   But
discarding, as they should in the present case, all the
special terms of the express contract referred to, they
could not now distinguish, or discriminate in their con-
sideration of the case, between the first and subsequent
years of the son's service, as a separate and distinct
service rendered or performed by him on terms in any
manner differing from those on which the subsequent
services in the last two years and eight months were ren-
dered by him.   Because the present action was not upon

any such special contract as would warrant the division of the plaintiff's claim or demand in any such manner. On the contrary, it was one continuous and indivisible demand for three years and eight month's service of his son, upon a *quantum meruit* count merely, and altogether outside and independent of any special agreement whatever between the parties in regard to the matter. And considered in that light, as the whole demand of the plaintiff had not accrued until within less than three years before the commencement of the action, even without any such credit, payment, or acknowledgment by the defendants, the statute of limitations could constitute no defence to it.

But notwithstanding the special agreement referred to was entirely out of view and out of question, as the basis on which the present action was proceeding, it would nevertheless be allowable for the jury in estimating the value of such services, with a view to ascertain the compensation, or damages to which the plaintiff might be entitled, to consider what would have been their value to the defendants, if the special contract, or agreement had been entirely performed and executed, according to the estimate and valuation placed upon them by the parties themselves at the time the same was entered into between them so far as it might be practicable under the circumstances for the jury to do so from the evidence before them in regard to it, and the loss which they had thereby sustained by reason of the abandonment of their service by the plaintiff's son.

The defendants had a verdict.

*Lore*, for the plaintiff.

*Gordon*, for the defendants.